IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-152 |
| vs. | |
| REIKO ELIO PENUNURI, | MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |
| Defendant. | |

This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 in which he seeks relief based on alleged ineffective assistance of counsel and the alleged uniformed and involuntary nature of his guilty plea. Filing 397. Defendant also filed two Motions to Compel Counsel to Release Files and Records, Filing 405; Filing 406, a motion requesting he be allowed to proceed in forma pauperis, Filing 414, and a Motion to Grant Discovery, Filing 415, which are now pending before the Court. For the reasons stated below, the Court denies in part Defendant's request for post-conviction relief, Filing 397, but grants an evidentiary hearing as to his notice-of-appeal claim; denies Defendant's Motions to Compel, Filing 405; Filing 406; grants Defendant's request to proceed in forma pauperis, Filing 414, and denies Defendant's Motion to Grant Discovery, Filing 415.

## I. BACKGROUND

On June 18, 2018, a grand jury indicted Defendant on charges of (1) conspiracy to distribute methamphetamine, (2) distribution of methamphetamine (two counts), and (3) use of facilities in interstate commerce in aid of racketeering. Filing 72. Defendant pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 and using facilities in interstate commerce in aid of racketeering in violation of 18 U.S.C. § 1952(a)(1) & (a)(3), and he

1

admitted to a forfeiture allegation. Filing 362-1; Filing 363; Filing 366. Related to his plea of guilty, Defendant consented to and signed a Petition to Enter a Plea of Guilty, Filing 362-1 at 8, and a Plea Agreement, Filing 363 at 7. In exchange for his guilty pleas, the government agreed to dismiss his distribution charges. Filing 363 at 1. On January 13, 2021, the Court sentenced Defendant to 240 months' incarceration on the conspiracy charge and 60 months' incarceration as to the racketeering charge, to be served concurrently, pursuant to the parties' Rule 11(c)(1)(C) plea agreement. Filing 376 at 2; *see* Filing 363 at 4.

On December 13, 2021, Defendant filed a Notice of Appeal. Filing 382. On December 23, 2021, the Eighth Circuit dismissed the appeal as untimely. Filing 395. Defendant filed the present Motion Under 28 U.S.C. § 2255 on January 14, 2022. Filing 397. He asks the Court to vacate his sentence or to allow him to withdraw his guilty plea, asserting that he received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered. Filing 397. Defendant contemporaneously filed a motion for an extension of time to file a supporting memorandum of law. Filing 398. On January 24, 2022, the Court granted Defendant's request for time to file a supporting memorandum and gave Defendant until February 27, 2022, to file his brief. Filing 400. Defendant filed no brief. On February 28, 2022, the Court reviewed Defendant's § 2255 Motion and ordered the government to respond by March 31, 2022, pursuant to Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Filing 403. On March 3, 2022, the Court received another request from Defendant for additional time to file a supporting memorandum of law; the Court granted the request, gave Defendant until April 8, 2022, to file his brief, and gave the government until May 9, 2022, to respond. Filing 404. Defendant never filed further briefing, but he did file two motions asking the Court to compel his former counsel to release records related to his case, Filing 405; Filing 406, after his deadline to submit

2

briefing had already passed. The government filed its response to Defendant's § 2255 Motion on May 9, 2022. Filing 408. On May 27, 2022, Defendant filed a motion requesting he be permitted to proceed in forma pauperis. Filing 414. Defendant also filed an out-of-time reply brief, which the Court received on June 10, 2022.[1] Thus, now pending before the Court are Defendant's § 2255 Motion, his two Motions to Compel, his Motion to Grant Discovery, and his motion requesting in forma pauperis status.[2]

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. § 2255(a) provides a mechanism for relief if a prisoner is in custody due to a "sentence . . . imposed in violation of the Constitution or laws of the United States." Upon receipt of a motion requesting such relief, the Court "shall . . . grant a prompt hearing thereon." 18 U.S.C. § 2255(b) However, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

### B. Analysis

---

[1] Pursuant to NECivR 7.1(c)(1), a "moving party may file a reply brief and index of evidence within 7 days after the opposing party files and serves the opposing brief." Even assuming Defendant's brief was filed as of June 3, 2022, the date he notes on the included Certificate of Service, it was filed well outside of seven days from May 9, 2022, which is when the government filed its response/opposing brief. Nevertheless, the Court has reviewed the reply, and it adds nothing to the Court's analysis.

[2] The government has also moved to seal and strike an erroneously filed attachment and to seal the government's index of evidentiary materials. Filing 410; Filing 411. Those motions will be granted. Filing 409, Filing 412, and Filing 413 will remain sealed.

Defendant asserts six grounds for post-conviction relief in his § 2255 Motion. Filing 397. Five of them can be broadly characterized as ineffective-assistance-of-counsel claims. *See* Filing 397. Defendant also asserts that his guilty plea was not knowing and intelligent, because it was the product of cognitive impairments induced by medication (Effexor) he was taking at the time. Filing 397 at 8. The Court will begin with the claim that is plea was not knowingly and intelligently made, and then analyze the ineffective-assistance claims.

*1. Knowing and Intelligent Guilty Plea*

Defendant asserts that his guilty plea before the magistrate judge was unknowingly and unintelligently entered because he was cognitively impaired as a result of an anxiety medication, Effexor, that he was taking at the time. Filing 397 at 8, 21-22. Notably, Defendant waived his right to bring such a claim in his plea agreement. Filing 363 at 5. Nevertheless, the Court generously assumes Defendant is asserting that both his pleas and the plea agreement were not knowingly entered into as a result of his medication, which would render his waiver invalid. Thus, the Court will briefly address the merits of the claim. The ultimate result is the same, however, because the record clearly contradicts Defendant's assertions.

"While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1994) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)) (internal quotation marks omitted). The magistrate judge who took Defendant's pleas carefully questioned Defendant under oath concerning the Effexor he was taking, and he denied it having any effect on his mind or his ability to think clearly and make decisions. Filing 366 at 5-6. A full review of the transcript from the plea hearing reveals that the

4

Defendant was lucid and articulate and gave appropriate and intelligent responses to the magistrate judge's questions. *See generally* Filing 366. Indeed, the magistrate judge had good reason to find Defendant's plea was "entered knowingly, intelligently, and voluntarily." Filing 366 at 24. This Court found the same upon its de novo review of the magistrate judge's Findings and Recommendations, *see* Filing 361; Filing 367, and upon speaking with Defendant regarding his maximum potential term of supervised release at his sentencing hearing, *see* Filing 407 at 4-5. Thus, Defendant's claim that his guilty plea was unknowingly or unintelligently entered because of his anxiety medication is without merit.

    *2. Effective Assistance of Counsel*

Defendant asserts he was denied effective assistance of counsel before trial and when negotiating and entering his guilty pleas, at sentencing, and after sentencing. *See generally* Filing 387. "The Sixth Amendment guarantees the right to effective assistance of counsel during plea negotiations and the entry of a guilty plea." *Walker v. United States*, 810 F.3d 568, 577–78 (8th Cir. 2016). That right extends to all critical stages of a criminal proceeding, including sentencing. *United States v. Thompson*, 713 F.3d 388, 394 (8th Cir. 2013) (citing *Gardner v. Florida*, 430 U.S. 349, 358 (1977)). To be eligible for relief based on ineffective assistance of counsel, a defendant must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

"Demonstrating deficient performance requires showing 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting

*Strickland*, 466 U.S. at 689). To show prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Defendant asserts his counsel was ineffective: (1) in failing to move to dismiss his "fatally defective" indictment; (2) in failing to move for suppression of certain evidence; (3) in failing to properly advise him of the nature of his case and coercing him into pleading guilty; (4) in failing to make certain objections to the Presentence Investigation Report (PSR); and (5) in failing to file a notice of appeal as requested by Defendant. Filing 397. The Court addresses each allegation in turn.

> a. Failure to move for dismissal

Defendant asserts his attorney's performance was constitutionally insufficient because his attorney failed to move for dismissal of the Indictment in his case. Filing 397 at 12. Defendant contends his attorney should have moved to dismiss the conspiracy charges against Defendant because the Indictment was "open-ended as to the set of the Conspiracy in which is contrary to federal caselaw." Filing 397 at 12. The Court finds not deficiency or prejudice on this point.

Count I of the Indictment charged:

> Between an unknown date, as early as in or about January 1, 2018, and on or about June 5, 2018, in the District of Nebraska and elsewhere, the Defendants, REIKO ELIO PENUNURI [and co-defendants] knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.
> In violation of Title 21, United States Code, Section 841(a)(l) &(b)(l), and Title 21, United States Code, Section 846.

Filing 72 at 1. Contrary to Defendant's contention, there is nothing "fatally defective" about the Indictment. *See* Filing 397 at 12. The "exact dates of [a] conspiracy" are not requirements of an indictment for a charge under 21 U.S.C. § 846; the Indictment need only give Defendant fair notice of the charge against him. *United States v. White*, 241 F.3d 1015, 1021 (8th Cir. 2001) ("Despite the lack of specificity . . . the indictment charged a specific conspiracy to possess and distribute methamphetamine . . . during a seven-month time frame. As a result, we hold that the indictment . . . [had] sufficient specificity to notify [the defendant] of the charges against him."); *see also United States v. Morrissey*, 895 F.3d 541, 551 (8th Cir. 2018) (quoting *United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir. 2000)) ("Time is not a material element of a criminal offense unless made so by the statute creating the offense."). "The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are '(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy.'" *United States v. Keys*, 721 F.3d 512, 519 (8th Cir. 2013) (quoting *United States v. Jiminez*, 487 F.3d 1140, 1146 (8th Cir. 2007)). The government adequately set forth the conspiracy charge in the Indictment, thus any motion to dismiss on such grounds would be futile. Therefore, defense counsel's performance was not deficient in failing to move for dismissal.

    b. Failure to move for suppression

Defendant also asserts that his attorney "failed to conduct adequate pre-trial investigations; conduct[] legal research; and fail[ed] to file a pre-trial Motion to Suppress Search Warrant in regard to Airbnb rental home located in Honey Creek, Iowa where 10 pounds of Methamphetamine (mixture); large sum of currency and firearms were discovered on June 5, 2018." Filing 397 at 5. He does not specify what research or investigation should have been conducted that was not,

however. *See* Filing 397. Similarly, Defendant does not specify what grounds for suppression his attorney should have asserted, let alone that such a motion would or should be successful. *See* Filing 397.

"When a defendant claims that counsel was ineffective by failing to litigate a Fourth Amendment challenge to a search and seizure, the defendant must prove that the claim is meritorious." *United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Further, defense counsel, not Defendant, makes "tactical decisions of trial strategy." *Strickland*, 466 U.S. at 689. "In reviewing counsel's performance, there is a strong presumption that all significant decisions fell within 'the wide range of professionally competent assistance.'" *United States v. Flynn*, 87 F.3d 996, 1001 (8th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689). "The correct inquiry is not whether counsel's decision was correct or wise, but whether it 'was an unreasonable one which only an incompetent attorney would adopt' considering all the circumstances." *Id.* (quoting *Stokes v. Armontrout*, 851 F.2d 1085, 1092 (8th Cir. 1988)). Defendant has not alleged any reason that a motion to suppress should have been successful, or anything that further investigation may have revealed that would have impacted the outcome of his case. Thus, he cannot show prejudice. Further, he has provided no evidence or even allegation that would lead the Court to conclude his counsel's actions were unreasonable as to his investigation or his failure to move for suppression. He presents no basis for an ineffective-assistance-of-counsel claim.

c. Advice leading to plea

Defendant also "asserts that his Guilty Plea and acceptance of the Government's Plea Agreement was the product of ineffective assistance of counsel," alleging his attorney failed to explain the evidence and sentencing guidelines, failed to explain the strength of the government's

8

case, and "coerced and induced" his guilty plea. Filing 397 at 4. Defendant's assertions are counter to his own statements made under oath at his change-of-plea hearing, however.

 The Court notes once again that "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308) (internal quotation marks omitted). At Defendant's change-of-plea hearing, he answered "Yes, Your Honor," when asked if he was "satisfied with [his attorney's] representation of [him]." Filing 366 at 17. He twice denied having been "threatened . . . directly or indirectly," having had "any force against [him]," or having been "promised you anything outside [his] written plea agreement," in relation to his waiver of his trial rights and his entry of his guilty plea. Filing 366 at 19, 21. At the hearing, Defendant was informed of the potential penalties he faced, the effect of the sentencing guidelines, and the Court's ability to sentence within the guidelines or within statutory limits. Filing 366 at 8-10. Defendant acknowledged that he understood and further acknowledged that he and his attorney had reviewed his plea agreement and had discussed any defenses to the charges he may have available. Filing 366 at 15, 20. Defendant's affidavit, which he attached to the present motion, makes clear that his attorney explained to him that the government's evidence against him was strong, and he faced a much greater sentence than that agreed to with the government by going to trial, where he would likely be convicted. Filing 397 at 19-20. Thus, the Court concludes counsel's performance was not deficient in advising his client ahead of his guilty plea.

  d. Failure to object to the PSR

Defendant also takes issue with his counsel's failure to object to then-pending charges that appeared in the criminal history section of Defendant's Presentence Investigation Report (PSR) at

9

sentencing and with his failure to "object to dangerous weapon adjustment; failing to object to the two-level adjustment for Importation of Drugs; failing to object to maintaining premises for the purpose of distributing drugs; failed to object to imposition of the Guidelines for pure/actual Methamphetamine; and failed to object to the 5.5 Kilograms attributed to [Defendant]." Filing 397 at 13. Defendant asserts "there is a reasonable probability that [had his lawyer so objected, his] 240-month federal sentence would have been shorter." Filing 397 at 13. The Defendant is incorrect.

As an initial matter, Defendant was sentenced to 240 months' incarceration pursuant to a binding plea agreement. See Filing 363. Thus, because the Court accepted the plea agreement and guilty plea, it was bound to sentence Defendant to the 240 months' incarceration called for in the agreement, even if Defendant's guidelines had been different. See Filing 363; Fed. R. Crim. P. 11(c)(1)(C). In short, the objections Defendant contends his attorney should have made would have had no effect on Defendant's sentence.

As to the pending charges Defendant argues should not have been considered, Defendant was assessed no criminal history points for those offenses, so they did not impact his criminal history category calculation or his guidelines. See Filing 373 at 12-18. There is therefore no prejudice nor deficiency in counsel's failure to object to their inclusion in the report.

As to the various enhancements applied in the PSR, which Defendant argues his attorney should have objected to, Defendant offers no potential basis for any objection. See Filing 397 at 13-14, 22-23. He therefore does not even approach a claim that counsel's performance was deficient. Additionally, many of the facts justifying the enhancements Defendant takes issue with were part of the factual basis set forth in the parties' plea agreement and acknowledged as true by the Defendant at his plea hearing. Filing 363 at 2-3; Filing 366 at 22-23. In unobjected to portions

of the PSR, it is made clear that Defendant was renting the residence in Iowa where law enforcement discovered numerous firearms and over ten pounds of methamphetamine. Filing 373 at 9. Others proffered to the government that Defendant provided them with methamphetamine. Filing 373 at 10. Thus, it appears there were no viable grounds on which counsel could have objected, even if he wanted to. More importantly, Defendant has not even suggested any such grounds. Thus, Defendant's motion must be denied as to this point.

e. Failure to file notice of appeal

Finally, Defendant asserts, "after the Court imposed the sentence of 240 months of imprisonment . . . he specifically requested that his ex-lawyer file a Notice of Appeal," but his lawyer did not do so. Filing 397 at 10. The government responds that Defendant has failed to establish he requested his counsel file and appeal, but nevertheless concedes Defendant is entitled to a hearing on the matter. Filing 408 at 20 (citing *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014)) ("The record at this point does not conclusively establish whether Penunuri asked defense counsel to file a notice of appeal. This Court must therefore evaluate the credibility of Penunuri and his counsel. Under Eighth Circuit precedent, this credibility determination requires a hearing."). The Court agrees the matter of whether or not Defendant timely directed counsel to file an appeal requires a credibility determination that Court cannot make at this point.

The Court notes that Defendant does not provide any specifics as to when he directed counsel to file an appeal; he merely asserts he did so after he was sentenced and advised by the Court of his limited right to appeal. *See* Filing 397 at 10. Notably, Defendant also waived his right to appeal, excepting very limited circumstances, in his plea agreement, casting significant doubt on whether he indeed would have directed his counsel to appeal. Filing 363 at 5. Defendant's former attorney also provided an affidavit under penalty of perjury in which he avers that his client

11

never made him aware of any wish or intention to file an appeal. Filing 413-1 at 4. Nevertheless, the law is well settled; when a Defendant asserts he directed his attorney to file an appeal and the attorney did not do so, a district court is "required to hold a hearing before making factual determinations about [the defendant's] credibility." *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Sellner*, 773 F.3d at 930 (citing *Watson*, 493 F.3d at 964). The Court must evaluate Defendant's credibility and the credibility of any other witnesses to determine whether Defendant asked counsel to file an appeal and counsel failed to do so; if Defendant so proves, he is entitled to an out-of-time appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit")). Given Defendant's allegations, the Court will refer this narrow issue to the magistrate judge for appointment of counsel and an evidentiary hearing to assess the credibility of the competing assertions of Defendant and his former counsel.[3]

*3. Defendant's Other Motions*

Related to his § 2255 Motion, Defendant has filed two motions to compel his former counsel to provide him with "all records and files in this case," Filing 405; Filing 406, a Motion to Grant Discovery, Filing 415, and a motion to proceed in forma pauperis, Filing 414. Given the Court's rulings, the Court finds no need to compel and production of records or other discovery.

---

[3] Pursuant to Rule 8(b) of the *Rules Governing Section 2255 Cases for the United States District Courts*, "[a] judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition." Rule 8(c) states that "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed" if an evidentiary hearing is warranted. *Rules Governing Section 2255 Cases for the United States District Courts* § 8(c).

The Court will deny Defendant's motions to compel and motion for discovery without prejudice to reassertion by appointed counsel, if necessary. Defendant "was determined to be financially unable to obtain an adequate defense in [his] criminal case," thus, the Court will permit him to proceed in forma pauperis here. *See* Filing 313; Fed. R. App. P. 24(a)(3).

*4. Certificate of Appealability*

The Court will not issue a certificate of appealability because a portion of this matter remains pending. Further, a petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court will only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To show the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has made no such showing, and no certificate of appealability will issue.

IT IS ORDERED:

1. Defendant's Motion Pursuant to 28 U.S.C. § 2255, Filing 397, is denied in part in that all allegations other than that involving counsel's failure to file a notice of appeal are dismissed;

2. Defendant's remaining allegation relating to the failure to file a notice of appeal is referred to the magistrate judge to appoint counsel, hold an evidentiary hearing, and submit findings and a recommendation to the Court;

3. Defendant's Motions to Compel, Filing 405; Filing 406, are denied without prejudice to reassertion by appointed counsel;

4. Defendant's Motion to Grant Discovery, Filing 415, is denied;

5. Defendant's Motion for Leave to Proceed in Forma Pauperis, Filing 414, is granted;

6. The government's Motion to Strike and Seal, Filing 410, is granted;

7. The government's Motion to Seal, Filing 411, is granted;

8. No certificate of appealability will issue; and

9. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant at the address of record for his current place of incarceration.

Dated this 13th day of June, 2022.

BY THE COURT:

*signature*

Brian C. Buescher
United States District Judge