IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REIKO ELIO PENUNURI,<br><br>Defendant. | 8:18-CR-152<br><br>MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

## I.   INTRODUCTION

This matter is before the Court to rule on Ground Four of Reiko Elio Penunuri's § 2255 Habeas Petition.[1] Filing 397 at 10. In Ground Four, Penunuri claimed that he informed his counsel to file a notice of appeal after sentencing, but his counsel failed to do so. Filing 397 at 10. Because this ground presented an issue of credibility, the Court referred the matter to the magistrate judge for an evidentiary hearing. Following the hearing, United States Magistrate Judge Susan M. Bazis issued a Findings and Recommendation, finding that Penunuri did not direct his counsel to file an appeal. Filing 446. Penunuri timely objected to Judge Bazis's Findings and Recommendation. Filing 446. For the reasons stated herein, the Court overrules Penunuri's objection, adopts Judge Bazis's Findings and Recommendation in its entirety, and denies Ground Four or Reiko's Habeas Petition. Penunuri's Habeas Petition is dismissed. No certificate of appealability shall issue.

## II.   BACKGROUND

On June 18, 2018, a grand jury charged Penunri with (1) conspiracy to distribute methamphetamine; (2) distribution of methamphetamine (two counts); and (3) use of facilities in interstate commerce in aid of racketeering. Filing 72. During the underlying criminal proceedings,

---

[1] The Court previously denied Penunuri's other grounds for habeas relief and declined to issue a certificate of appealability. *See* Filing 417.

1

Penunuri was represented by counsel appointed through the Criminal Justice Act. Pursuant to a Rule 11(c)(1)(C) plea agreement, Penunuri pleaded guilty to conspiracy to distribute methamphetamine and using facilities in interstate commerce in aid of racketeering and the Court sentenced him to 240 months incarceration on the conspiracy charge and 60 months incarceration on the racketeering charge, to be served concurrently. Filing 373 at 4; Filing 376 at 2.

About 11 months after the criminal judgment was filed, Penunuri filed a 48-page notice of appeal. Filing 382. In his notice, Penunuri launched several complaints about his counsel's performance, although notably did not accuse his counsel of failing to file an appeal. *See generally* Filing 382. The Eighth Circuit dismissed the appeal as untimely, leading Penunuri to file the present Habeas Petition on January 14, 2022, under 28 U.S.C. § 2255. Filing 397.

In his Petition, Penunuri asserted that he received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered. Filing 397 at 4–14. In a June 13, 2022, Memorandum and Order, the Court denied all Penunuri's grounds for habeas relief except for the narrow ground that his defense counsel failed to file a notice of appeal at Penunuri's request. Filing 417. On November 30, 2022, Judge Bazis held an evidentiary hearing to assess the credibility of Penunuri and his counsel. Thereafter, Judge Bazis filed a Findings and Recommendation, which found that Penunuri did not direct his attorney to file an appeal and recommended denying Ground Four of Penunuri's Habeas Petition. Filing 446. Penunuri timely objected to Judge Bazis's Findings and Recommendation. Filing 447.

### III.  ANALYSIS

#### A.  Standard of Review

28 U.S.C. § 636(b)(1) governs the different standards of review when a party objects to a pretrial decision or a proposed findings of fact and recommendations by a magistrate judge. *See*

28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . ."). When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See*

*United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has reviewed the hearing's transcript.

### B. Ineffective Assistance

The only issue presented in Ground Four of Penunuri's Habeas Petition is whether he told his counsel to appeal. If Penunuri did so, and his counsel did not file a notice of appeal, both prongs of the *Strickland v. Washington*[2] test for ineffective assistance of counsel are satisfied. *See Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022) (explaining that failing to file a notice of appeal despite a client's instructions is "professionally unreasonable" and in such cases "prejudice is presumed"). The Court would then vacate Penunuri's sentence and reimpose it to allow Penunuri to file a timely appeal. *See United States v. Darden*, 915 F.3d 579, 583 (8th Cir. 2019). In contrast, if the Court finds that Penunuri did not direct his counsel to file an appeal, then his counsel was not ineffective and Ground Four fails.

"To be entitled to relief, [Penunuri] must have made 'manifest' [his] desire to appeal by expressly instructing [his] attorney to appeal." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012). Simply because Penunuri asserts that he instructed his counsel to file an appeal does not warrant habeas relief if contrary evidence is more believable. *See Dressen*, 28 F.4th at 928. "The judge at a hearing on a motion to vacate is entitled to determine what version of facts presented is most credible." *Nupdal*, 666 F.3d at 1076.

Penunuri and his counsel testified at the hearing before Judge Bazis. Penunuri's counsel stated that he spent a significant amount of time with Penunuri in person going over the facts of the case, his options of pleading guilty or going to trial, and the plea agreement. Filing 445 at 34. He stated that he took telephone calls from Penunuri while Penunuri was in Hall County jail but

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

4

could not remember what he and Penunuri discussed in these calls. Filing 445 at 24. Penunuri's counsel testified that if he was in his office, he would answer phone calls from his clients. Filing 445 at 16, 73–74.

Penunuri's counsel averred that he discussed Penunuri's right to appeal with Penunuri during the plea-negotiation process. Filing 445 at 5. He also stated that he went over the plea agreement with Penunuri, including the waiver of Penunuri's appeal rights, and that Penunuri did not ask any questions about his right to appeal. Filing 445 at 28. In her Findings and Recommendation, Judge Bazis noted that, while Penunuri claimed he sent a letter to his counsel around January 15, 2021, telling his counsel to file an appeal, he was unable to produce any evidence that the letter existed. Filing 446 at 6–7. Judge Bazis also disregarded Penunuri's claim that he asked his friend, Sheila, and his daughter, Carissia, to contact his counsel after sentencing because he offered no evidence to support that claim and his counsel testified that he never spoke to Sheila or Carissia after sentencing. Filing 446 at 7.

Judge Bazis also found it noteworthy that, in August of 2021, Penunuri wrote his counsel a letter asking for various documents for "research" and "recordkeeping" along with "info on the 2255." Filing 14 at 13–14. This letter, which was written in a pleasant and non-accusatory tone, did not mention the counsel's failure to file an appeal, despite Penunuri stating that, by this time, he knew no appeal had been filed.[3] Filing 445 at 13–14; Ex. 103. The undersigned adds that Penunuri's 48-page *pro se* notice of appeal likewise never asserts that Penunuri's counsel failed to

---

[3] Penunuri emphasizes that his counsel did not respond to this letter until January 14, 2022, after which the one-year period of limitation for filing a § 2255 habeas petition expired. Filing 448 at 4. According to Penunuri, his counsel intentionally waited until the deadline had passed before sending Penunuri information to support his habeas petition. Filing 448 at 4. Penunuri does not provide any evidence that his counsel's delay in sending a response arose from any ulterior motive. His counsel also explained that he did not respond sooner because his law firm was experiencing a significant amount of turnover with its attorneys. Filing 445 at 23. The Court does not find that Penunuri's counsel's delay in responding to Penunuri's request for various documents and "info on the 2255," well after counsel's representation of Penunuri had ended, has any bearing on his credibility as to whether Penuuri asked him to appeal.

5

file an appeal despite outlining various other supposed issues with his counsel's representation. *See generally* Filing 382. It was not until after the Eighth Circuit rejected Penunuri's appeal as untimely that Penunuri claimed his counsel failed to file an appeal. The chronology of this case heavily implies that Penunuri invented his counsel's supposed ineffectiveness to circumvent the appeal deadline.

Judge Bazis further found that the fact the plea agreement contained an appeal waiver further diminished Penunuri's credibility. Filing 446. Penunuri objects to Judge Bazis relying on an appeal waiver to doubt his testimony, arguing that such a waiver should not decrease his credibility. Filing 448 at 4. To the contrary, the fact that Penunuri waived his right to appeal except in limited circumstances, combined with his Rule 11(c)(1)(C) plea agreement mandating a 240-month sentence, makes it somewhat incredulous that he wanted to file an appeal immediately following his sentence.

Judge Bazis noted that, at the change-of-plea hearing, she told Penunuri that he was waiving his right to appeal. Filing 366 at 10. At the hearing, the Government outlined the substance of the plea agreement and Penunuri's counsel explained how he went over the plea agreement with Penunuri. Filing 366 at 13–15. Penunuri agreed with his counsel's recitation of what occurred. Filing 366 at 15. Penunuri never expressed any issues he had with understanding the plea agreement or with his counsel's representation.

Penunuri makes much out of the fact that his counsel testified that he could not recall a specific conversation about Penunuri's right to appeal at sentencing, and that his counsel did not send any correspondence about appealing or have an in-person meeting with Penunuri after sentencing. Filing 448 at 2. Penunuri references the Supreme Court case *Roe v. Flores-Orteg*a, in which the Court held that defense counsel "has a constitutionally imposed duty to consult with the

6

defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. 470, 480 (2000). But Penunuri's counsel credibly testified that he had many in-person conversations with Penunuri, during which they discussed the case, including the right to appeal, and went over the appeal wavier in the plea agreement. His counsel also averred that his practice is to discuss the right to appeal at the time of sentencing with his clients. Filing 445 at 5–6, 19. Penunuri also overlooks that, in the same case upon which he relies, the Supreme Court found it "highly relevant" "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* In this case, Penunuri pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement that provided for a 240-month sentence. The plea agreement had an appeal waiver that only permitted an appeal in limited circumstances. It is not surprising that, under these facts, Penunuri's counsel does not recall a specific conversation at sentencing in which he discussed Penunuri's right to appeal and that he did not meet with Penunuri in-person following sentencing.

      Based on the above, along with all the other reasons outlined in Judge Bazis's Findings and Recommendation, the Court agrees with Judge Bazis that Penunuri never requested that his counsel file an appeal. Such a finding is fatal to Ground Four of Penunuri's Habeas Petition. Therefore, the Court denies Ground Four and dismisses Penunuri's Habeas Petition.

      Finally, the Court will not issue a certificate of appealability. A habeas petitioner may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability is only warranted when "the applicant has made

a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has already determined that a certificate of appealability will not issue for Penunuri's other grounds for habeas relief. Filing 417 at 13. Likewise, for Ground Four, reasonable jurists would not disagree with the Court's finding that Penunuri did not ask his counsel to file an appeal. Therefore, the Court will not issue a certificate of appealability for Penunuri's Habeas Petition.

## IV. CONCLUSION

For these reasons dismisses Penunuri's Habeas Petition and will not issue a certificate of appealability. Accordingly,

IT IS ORDERED:

1. Penunuri's Objection, Filing 447, is overruled;
2. Judge Bazis's Findings and Recommendation, Filing 446, is adopted in its entirety; and
3. Penunuri's Habeas Petition, Filing 397, is dismissed.
4. The Clerk of Court is directed to terminate the Government's Response, Filing 449, as a pending motion.

Dated this 23rd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge