IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REIKO ELIO PENUNURI,<br><br>Defendant. | 8:18–CR–152<br><br>MEMORANDUM AND ORDER ON MOTION FOR COMPASSIONATE RELEASE AND MOTION FOR APPOINTMENT OF COUNSEL |

Defendant Reiko Elio Penunuri is currently serving a 240-month sentence based on his convictions for conspiracy to distribute and possess with intent to distribute methamphetamine and use of facilities in interstate commerce in aid of racketeering. Filing 376 (Judgment).[1] Presently before the Court is the defendant's *pro se* Motion for Compassionate Release, Filing 539, and Motion for Appointment of Counsel, Filing 540. The defendant cites severe medical issues, family concerns, and abuse while incarcerated as grounds for compassionate release. Filing 539 at 5–6. For the reasons stated below, both Motions are denied.

### I.   MOTION FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on [his] behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, it appears

---

[1] The Court sentenced the Defendant to 240 months' imprisonment on the methamphetamine charge and 60 months' imprisonment on the racketeering charge, to run concurrently. Filing 376 at 1–2.

that the defendant has exhausted his administrative remedies with the BOP because more than 30 days have lapsed since the prison warden received his request. *See* Filing 539 at 9 (showing that the defendant submitted a request to the warden on January 24, 2025). The Court therefore turns to the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See Avalos Banderas*, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines sets out "Medical Circumstances of the Defendant" that can constitute "[e]xtraordinary and compelling reasons warrant[ing] reduction" in sentence for purposes of 18 U.S.C. § 3582(c)(1)(A). These circumstances are as follows:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B) The defendant is--
> > (i) suffering from a serious physical or medical condition,
> > (ii) suffering from a serious functional or cognitive impairment, or
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> (D) The defendant presents the following circumstances--
> > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by
> > > (I) an ongoing outbreak of infectious disease, or
> > > (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

Here, the defendant has provided medical records reflecting his health problems. The documentation shows that the defendant has been diagnosed with Keratoconus. Filing 539 at 21. Regarding his Keratoconus diagnosis, the defendant states:

> [(1)] This is a progressive degenerative eye disease which requires me to rely heavily on various devices, equipment, aids; and auxiliary services to see, read, write, walk, and the assistance of other inmates to function within the prison setting. This uncurable progressive disability causes me sustained eye pain, sensitivity to light and poor vision in the dark, chronic headaches, a form of distorted double vision in both eyes, more severe on the left eye and;
> (2) Keratoconus is a progressive disease: the normal course is for a person with Keratoconus to experience worsening vision and pain and sufferings until a corneal transplant becomes necessary and;
> (3) worsening vision impairs my ability to function within the prison setting without assistance; and

>[(4)] The FBOP Medical Department has unduly delayed and been medically indifferent to my medical necessary degenerative progressive eye disease by failing to provide me specialty contact devices and aids designed to ameliorate my Keratoconus disease and could receive better treatment and support if released; and
>(5) The unduly delay receipt of my specialty devices and aids since my initial request for treatment on or about late 2019 and current, has been caused inadequate medical care; and
>(6) Treatment of Keratoconus requires frequent, timely, and outpatient hospital visits with an ophthalmologist; see "Keratoconus diagnoses and treatment" via internet; and
>(7) Repeatedly delayed or otherwise inadequate treatment while pre-sentencing incarceration and prison[.]

Filing 539 at 5 (cleaned up). The defendant further avers that he has dental issues that cause him "physical pain and discomfort." Filing 539 at 6.

The Court concludes that the defendant's Keratoconus and dental issues do not rise to the level of "[e]xtraordinary and compelling reasons" warranting a reduced sentence. While not minimizing the defendant's unfortunate medical issues, the Court cannot find from the evidence submitted that these conditions "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or he is not expected to recover." U.S.S.G. 1B1.13(b)(1). The submitted evidence demonstrates that BOP is aware of the defendant's medical issues and is seeking specialized physicians for the defendant. *See* Filing 539 at 14. *United States v. Vangh*, 990 F.3d 1138, 1141 (8th Cir. 2021) (upholding denial of compassionate release where the defendant suffered from "serious health issues" but "did not quite meet the extraordinary-and-compelling-reasons standard" due to treatment provided by BOP); *United States v. Barraza*, No. 8:4-CR-447, 2023 WL 2186937, at *3 (D. Neb. Feb. 23, 2023) (finding that being on kidney dialysis and requiring a kidney transplant was not an "extraordinary and compelling" reason for release when "there [was] no evidence that [the movant was] unable to provide self-care or that the BOP [was] unable to provide him with adequate treatment"); *United States v. Aniyeloye*, No. 8:16CR305, 2022 WL 7145403, at *1 (D. Neb. Sept. 26, 2022) (finding

4

that compassionate release was not warranted when the defendant "was and is being treated by [BOP] medical staff and received medication for [his] conditions"); *United States v. Shady*, No. 11-CR-1010-CJW-MAR, 2020 WL 3473647, at *4 (N.D. Iowa June 25, 2020) (denying compassionate release where the defendant's limitations were "moderate" and he was "receiv[ing] adequate treatment"); *United States v. Fraenchot Deon Banks*, No. 2:11-CR-4-5, 2020 WL 3145691, at *3 (D.N.D. June 12, 2020) (concluding that the inmate's health conditions were not an extraordinary and compelling reason for release when the defendant had been dealing with them "for an extended period of time" and he provided no evidence "how his various ailments cannot be adequately treated by [his] facility"). Therefore, the defendant's medical issues are not "[e]xtraordinary and compelling reasons" that warrant a reduced sentence.

In addition, the defendant makes numerous allegations that do not relate to his health, but instead relate to prison conditions, as follows:

> (13) [The defendant] has two minor children with special needs that require his emotional and financial support; and
> (14) While in custody serving his term of imprisonment at FCI Victorville I, Victorville, California, was a victim of physical assault committed by correctional officers, specifically his assigned counselor and case worker of the Federal Bureau of Prisons; and
> (15) The assault by correctional officers, harassments, threats, and further retaliation actions has led him to feel apprehensive, distrust by those charged with the care, an environment marked by fear and neglect, does not align with the FBOP's mission to ensure the safety and security of both inmates and staff; and
> (16) fails to fulfill the Bureau's commitment to the mental and physical rehabilitation of its inmates.

Filing 539 at 6 (cleaned up). Regarding the defendant's claim about his children, the Guidelines permit compassionate release due to "family circumstances," but only where the minor children's "caregiver" is incapacitated, U.S.S.G. 1B1.13(b)(3)(A), and there is no allegation or evidence of this being the case here. Further, regarding the alleged abuse of the defendant by BOP officials, the Guidelines permit compassionate release due to abuse while incarcerated, but only "sexual

5

abuse" or "physical abuse resulting in serious bodily injury." U.S.S.G. 1B1.13(b)(4). The defendant does not allege or provide evidence of either circumstance. Therefore, the defendant has not demonstrated that he is eligible for compassionate release, and his Motion is denied.

Even if the Court assumes for argument's sake that the defendant is eligible for compassionate release, his Motion would nevertheless be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. Under § 1B1.13, the Court "*may* reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. 1B1.13 (emphasis added); *see also United States v. Rodd,* 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but the § 3553(a) factors weighed against granting release); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) ("The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence.").

The relevant factors under 18 U.S.C. § 3553(a) in this case include the "nature and circumstances of the offense," "history and characteristics of the defendant," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a). Consideration of these factors indicate that granting compassionate release in this case would be inappropriate.

Regarding the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), the Presentence Investigation Report indicates that the defendant "was the leader of the drug trafficking organization in Omaha . . . responsible for moving over 100 pounds of

6

methamphetamine." Filing 373 at 10 (¶ 50). Demonstrating the exceptional seriousness of the defendant's conduct was his total offense level—after credit for acceptance of responsibility—of 44, which was then reduced to 43: the highest offense level captured by the Sentencing Table. *See* U.S.S.G. Chapter 5, Part A, cmt. 2 ("In rare cases, a total offense level of . . . more than 43 may result from application of the guidelines. . . . An offense level of more than 43 is to be treated as an offense level of 43."). Narcotics like methamphetamine have inflicted drastic harm on the Omaha, Nebraska, community and the country as a whole, further reflecting the seriousness of the defendant's offense. In addition, the defendant was assessed a two-level enhancement under USSG 2D1.1(b)(1) for possessing a firearm during the offense, rendering his conduct all the more dangerous. Filing 373 at 12 (¶ 61). Thus, the severity of the defendant's offense weighs against granting compassionate release.

Regarding the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the defendant has a lengthy and varied criminal history apart from the drug conspiracy. The defendant's criminal record contains convictions for first degree criminal trespassing, interfering with judicial proceedings, and discharging a firearm on public property. Filing 373 at 13–15 (¶¶ 73–75). The defendant also had numerous pending charges at the time of sentencing, including burglary, assault and battery, and a firearm offense, among other things. Filing 373 at 16–18 (¶¶ 80–84). The instant offense as well as these previous convictions demonstrate that the defendant was undeterred by previous criminal punishments and lacks respect for the law.

Reducing the defendant's sentence would also be inconsistent with the need for the "sentence imposed [ ] to reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2). The 240-month sentence imposed under the terms of a Rule 11(c)(1)(C) plea agreement was considerably below the defendant's guideline custody range of Life incarceration. Filing 376 (Judgment).

7

Reducing the defendant's sentence to time served would effectively mean that the defendant served a six-year sentence, *see* Filing 539 at 2, or about one-quarter of the sentence imposed for his crime. This would fail to serve the purpose of 18 U.S.C. § 3553(a)(2). *See United States v. Cruz*, No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only served a small portion of his sentence counseled against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)).

Finally, under 18 U.S.C. § 3553(a)(6), the Court must consider whether a sentence reduction is consistent with "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The defendant has been incarcerated for about six years for leading a major drug conspiracy, yet the Court is cognizant that many similarly-situated defendants serve sentences that are much longer than six years. Releasing the defendant after such a short period would exacerbate rather than remedy unjust sentencing disparities. Thus, this factor also weighs against granting compassionate release.

The Court has considered the remaining applicable § 3553(a) factors and finds that these factors do not favor reducing the defendant's sentence, either. Having evaluated the pertinent factors, the Court concludes that the defendant has failed to show that his release would not be contrary to 18 U.S.C. § 3553(a). The Motion for Compassionate Release, Filing 539, is denied.

## II.    MOTION FOR APPOINTMENT OF COUNSEL

The defendant also seeks appointment of counsel in relation to his Motion for Compassionate Release. Filing 540. The Motion for Appointment of Counsel is denied. "[A] defendant's constitutional and statutory rights to assistance of counsel does not extend to postconviction proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. § 3582(c)." *United States v. Washington*, No. 6:02–CR-03110-MDH, 2022 WL 17637631, at *1 (W.D. Mo. Dec. 13, 2022) (citing cases); *cf. United States v. Meeks*, 971 F.3d

830, 833 (8th Cir. 2020) ("[T]here is no Sixth Amendment right to counsel in sentence modification proceedings under § 3582(c)") (quotation marks and citation omitted). Moreover, as a matter of practice, federal courts generally do not appoint counsel just because an individual wishes to pursue compassionate release. *See e.g.*, *United States v. Cannon*, No. 3:17-CR-00208, 2022 WL 1748316, at *2 (D.N.D. May 31, 2022) ("Further, the appointment of counsel for a motion to reduce sentence is not required by the Constitution or statute; thus the Court declines to appoint counsel for [the defendant]"), *aff'd*, No. 22-2315, 2022 WL 17849927 (8th Cir. June 24, 2022), *reh'g denied* (Aug. 5, 2022). The Motion for Appointment of Counsel, Filing 540, is therefore denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion for Compassionate Relief, Filing 539, is denied; and
2. The defendant's Motion for Appointment of Counsel, Filing 540, is denied.

Dated this 7th day of May, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge