IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>REIKO ELIO PENUNURI,<br>Defendant. | **8:18-CR-152**<br><br>**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION** |

The Court previously denied Reiko Elio Penunuri's *pro se* Motion for Compassionate Release. Filing 539 (Prior Motion for Compassionate Release); Filing 543 (Order). Now, in three separate motions, the defendant asks the Court to reconsider its prior decision. Filing 545; Filing 546; Filing 549. For the following reasons, the defendant's motions are denied.

In 2021, the defendant was convicted of conspiracy to distribute and possess with the intent to distribute methamphetamine (mixture) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846 (Count I), and use of facilities in interstate commerce in aid of racketeering in violation of 18 U.S.C. § 1952(a)(1) and (a)(3) (Count XI). Filing 359 (Text Minute Entry); Filing 367. Although the defendant's guideline custody range was a term of life imprisonment, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced the defendant to a total term of 240 months of incarceration, to be followed by 5 total years of supervised release. Filing 375 (Text Minute Entry); Filing 376 (Judgment). On March 4, 2025, the defendant sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he "suffer[s] from a serious cognitive vision impairment" called keratoconus; he "suffers from severe teeth wear" and "bruxim [sic] (teeth

grinding) among other dental issues; he "was a victim of physical assault committed by correctional officer's [sic], specifically his assigned counselor and case worker of the Federal Bureau of Prisons" while he was incarcerated at FCI Victorville I; and he "has two minor children with special needs that require his emotional and financial support." Filing 539 at 5–6. The Court denied the defendant's compassionate release motion, holding that the defendant's keratoconus and dental issues, while unfortunate, did not rise to the level of "[e]xtraordinary and compelling reasons" required for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Filing 543 at 4. The Court also addressed the defendant's other allegations, finding that the defendant's claim about his minor children was not a ground for compassionate release where there was no allegation or evidence that the children's caregiver was incapacitated pursuant to U.S.S.G. § 1B1.13(b)(3)(A). Filing 543 at 5. Regarding the defendant's allegations of abuse by Bureau of Prisons (BOP) officials, the Court found that the defendant had not alleged "sexual abuse" or "physical abuse resulting in serious bodily injury," as required by U.S.S.G. § 1B1.13(b)(4). Filing 543 at 5–6. Ultimately, the Court concluded that even if the defendant had set forth grounds for compassionate release, his motion would be denied because a reduced sentence would be contrary to the 18 U.S.C. § 3553(a) factors. Filing 543 at 6.

The defendant has filed three separate motions asking the Court to reconsider its denial of compassionate release. Two of those motions are clearly titled "Motions for Reconsideration." Filing 545 (Motion for Reconsideration: Compassionate Release (Request for Excusal for Late Filing)); Case No. 8:18-CR-152); Filing 546 (Motion for Reconsideration: Compassionate Release (Request for Escusal [sic] for late filing)). The third motion is titled "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)" but both the motion itself, Filing 549, and the accompanying brief, Filing 550, suggest that the defendant is still seeking reconsideration of the

Court's prior order.[1] Between the three motions, the defendant argues that since the Court entered its order at Filing 543, "there have been significant developments in [his] circumstances," as he was transferred from FCI Victorville I to FCI Florence apparently "as a direct result of staff misconduct at FCI Victorville and arguably a part of ongoing retaliatory actions by supervisory staff." Filing 545 at 1. The transfer "has had significant personal consequences" for the defendant because he was "forced" to withdraw from the courses he was enrolled in at Victor Valley College. Filing 545 at 1; Filing 546 at 1; Filing 550 at 6–7. Moreover, "the BOP ha[s] continued to fail to provide [the defendant] the necessary specialty medical treatment, specifically related to [his] degenerative Keratoconus and severe dental issue due to Brixism [sic] (teeth grinding)." Filing 546 at 1. The defendant also argues for the first time that he "was sexually and physically assaulted by his counselor" and "his caseworker," who were "both members of the BOP" at FCI Victorville I. Filing 550 at 32. The defendant describes the alleged abuse and avers that he was diagnosed with Post-Traumatic Stress Disorder (PTSD) following it. Filing 549 at 18; Filing 550 at 32.

Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, courts typically borrow the civil standards for motions for reconsideration and apply them to the criminal context. *See United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) ("Although this court has never had occasion to do so, courts in other Circuits have held that this civil standard applies to motions for reconsideration raised in criminal cases outside of the

[1] For instance, in asserting that he has exhausted his administrative remedies for the "Motion for Compassionate Release" at Filing 549, the defendant cites his prior Motion for Compassionate Release at Filing 539 and states that "more than 30-days have lapsed since the prison warden received his request" for that prior motion. Filing 549 at 4, 10 ("Mr. Penunuri submitted a compassionate release request to the Warden on January 24, 2025, and over 30 days have passed without a response."). The defendant also designates his supporting brief as a "memorandum in support of his motion for reconsideration of the Court's denial for compassionate release" and asks the Court to "further consider[ ]" granting compassionate release. Filing 550 at 1, 3, 9 ("The aim of this document is not only to reaffirm the legal and rational grounds on which the initial denial was based but also to respectfully request that the court reconsider its decision in light of new and serious concerns regarding Mr. Penunuri's health, rehabilitation needs, and safety.").

suppression context."). "A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated," and "evidence presented on a motion for reconsideration 'must be truly new, in the sense that it was previously unavailable.'" *Id.* (quoting *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996)). "[A] district court's denial of a motion for reconsideration" is reviewed for an "abuse of discretion." *United States v. King*, 854 F.3d 433, 443 (8th Cir. 2017).

Across the defendant's three motions seeking reconsideration of the Court's prior order denying compassionate release, there is only one allegation that is "truly new, in the sense that it was previously unavailable" to the defendant: the allegation that the defendant was transferred to FCI Florence 7 days after the Court entered its May 2025 order and that he had to unenroll from college classes as a result of that transfer. *Luger*, 837 F.3d at 875 (internal quotation marks and citations omitted). Although this allegation is "new," it is not grounds for compassionate release. Under 18 U.S.C. § 3582,

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). In determining whether there are extraordinary and compelling reasons warranting compassionate release, courts properly consider the policy statement in U.S.S.G. § 1B1.13. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021) (explaining that U.S.S.G. § 1B1.13 is a policy statement that is "not binding" but "may not be ignored"). Moreover, district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, so a district court does not abuse its discretion simply because "other district

courts may have granted compassionate release for defendants with similar backgrounds." *Marcussen*, 15 F.4th at 859.

The Court has reviewed the circumstances set out in U.S.S.G. § 1B1.13 and concludes that the defendant's allegation that he was transferred to FCI Florence does not constitute an extraordinary and compelling reason warranting compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (explaining that the burden to establish an entitlement to a sentence reduction is on the defendant). Even if the Court did believe that the defendant's transfer was an extraordinary and compelling reason supporting early release, the Court would still deny compassionate release because the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of compassionate release. 18 U.S.C. § 3582(c)(1)(A); *United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated extraordinary and compelling reasons for release). As the Court explained in its prior order, factors such as "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentenced imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" indicate that compassionate release would be inappropriate in this case. 18 U.S.C. § 3553(a); *see* Filing 543 at 6–8.

The remaining allegations in the defendant's three reconsideration motions relate to his keratoconus diagnosis, his dental issues (including a claim that he suffers from the condition bruxism), and an alleged sexual and physical assault of the defendant by his counselor and caseworker. The defendant has filed numerous exhibits in support of these allegations, but all of the exhibits are dated *before* the defendant filed his March 2025 motion for compassionate release and

the defendant has not claimed that he did not previously have access to these exhibits. *See generally* Filing 550. As a result, the defendant's allegations are not "previously unavailable," this evidence is not "newly discovered," and a motion—or motions—for reconsideration is not the appropriate "vehicle" to raise these allegations. *Luger*, 837 F.3d at 875 (internal quotation marks and citations omitted) ("A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated."). The Court therefore denies the defendant's motions for reconsideration.

To the extent the defendant's allegations have any merit, the defendant should raise them in a properly filed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). That is, the defendant should exhaust his administrative remedies for each of his compassionate release claims before filing a compassionate release motion.[2] The Court acknowledges the seriousness of the defendant's allegations and does not take them lightly; however, the Court will not consider the allegations until they are properly before the Court. Accordingly,

IT IS ORDERED that the defendant's three motions seeking reconsideration of the Court's prior denial of compassionate release, Filing 545; Filing 546; Filing 549, are denied.

[2] One of the reasons the Court concluded that the defendant's "Motion for Compassionate Release" at Filing 549 is really a third motion for reconsideration is because there is no indication that the defendant exhausted his administrative rights as to the claims in Filing 549. Instead, the defendant states that the "exhaustion requirement has been fully satisfied" as to Filing 549 because more than 30 days have passed since the defendant submitted the claims in his original Motion for Compassionate Release, Filing 539, to the BOP. Filing 549 at 4, 10. The defendant's original Motion for Compassionate Release alleged only physical abuse, not sexual abuse. Where a defendant's motion for compassionate release contains some claims that have been brought to the BOP and some that have not, this Court and others have dismissed the unexhausted grounds. *See United States v. Travis*, Case No. 8:20-CR-80, 2023 WL 2957446, at *3 (D. Neb. Apr. 14, 2023) (denying two of the defendant's asserted grounds for compassionate release because the defendant "has clearly not exhausted his administrative remedies" as to those grounds); *United States v. Bass*, Case No. 4:19-CR-35 RLW, 2024 WL 3552030, at *2 (E.D. Mo. July 26, 2024) (dismissing the defendant's unexhausted claims without prejudice); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (determining that "in order to properly exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court").

Dated this 7th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge